# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | | |
|---|---|---|
| James John Olenick, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 3:11-cv-01359-JMC |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Michael J. Astrue, Commissioner of Social Security, | ) ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") [Dkt. No. 15], filed on July 31, 2012, addressing Plaintiff's claim for Social Security Disability Insurance Benefits ("DIB"). The Administrative Law Judge ("ALJ") decided that Plaintiff was not disabled within the meaning of the Social Security Act. Plaintiff was denied a request for review by the Appeals Council, thereby making the ALJ's decision the final action of the Commissioner of the Social Security Administration ("Commissioner"). Upon review of the Commissioner's final decision, the Magistrate Judge concluded that the ALJ applied the correct legal principles and that his findings were supported by substantial evidence. Accordingly, the Magistrate Judge recommends that the final decision of the Commissioner be affirmed. The Report and Recommendation sets forth the relevant facts and legal standards, which this court incorporates herein without a recitation.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a

*de novo* determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 405(g) of the Act provides, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it is supported by substantial evidence. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

Plaintiff timely filed objections [Dkt. No. 16] to the Magistrate Judge's Report and Recommendation. Plaintiff's objections are based on the same arguments put forth in his original complaint. Specifically, he argues that the ALJ failed to properly weigh the testimony

of a nurse practitioner who treated Plaintiff; that the ALJ erred in finding that Plaintiff failed to show that his mental impairments were severe; that the ALJ made an improper credibility determination; that the ALJ failed to properly weigh a prior disability determination made by the Veterans Administration (VA); and that the testimony of the vocational expert upon which the ALJ relied was flawed for not taking into account the opinion of the nurse practitioner.

The court finds that the Magistrate Judge performed a thorough analysis of the record including the relevant medical evidence. Further, the court finds that the Magistrate Judge reasonably determined that the ALJ's decisions were supported by substantial evidence.

First, the court agrees with the Magistrate Judge that the ALJ's decision to discount the opinion of the nurse practitioner who treated Plaintiff was properly made under the applicable law and is supported by substantial evidence. By explicitly considering and then explaining his reasons for discounting the nurse practitioner's opinion, the ALJ met the requirements of Social Security Ruling 06-03p, which describes the process by which the Social Security Administration considers the opinions of treating sources such as nurse practitioners who are not "acceptable medical sources." 20 C.F.C. § 404.1527. Though opinions of treating sources who are not "acceptable medical sources" may be given more weight than the opinions of acceptable medical sources in some circumstances, the ALJ's decision in this case to discount the opinion of the nurse practitioner was supported by substantial evidence. Specifically, the ALJ cited the records and opinions of other treating physicians as well as the nurse practitioner's own prior treatment notes, both of which were inconsistent with the nurse practitioner's final opinion. Because this court finds that the Magistrate Judge reasonably determined that the ALJ properly

discounted the nurse practitioner's opinion, the court also agrees with the Magistrate Judge that the ALJ was not required to consider the limitations presented in the nurse practitioner's opinion in his hypotheticals to the vocational expert.

In addition, the court finds that the Magistrate Judge reasonably determined that the ALJ relied on substantial evidence in evaluating Plaintiff's mental impairments in accordance with the technique described in 20 C.F.R. § 404.1520(a). Similarly, the court finds that the Magistrate Judge was reasonable in determining that the ALJ's credibility analysis was supported by substantial evidence and correct under applicable law.

Finally, the court agrees with the Magistrate Judge that the ALJ reasonably considered Plaintiff's VA disability determination. Plaintiff objects to the Magistrate Judge's reliance on *Pelkey v. Barnhart* in support of the proposition that an ALJ gives sufficient consideration to the disability determination of another agency when he mentions the other agency's determination and discusses the underlying evidence for the other agency's determination. 433 F.3d 575, 579 (8th Cir. 2006). Plaintiff claims that *Pelkey* contradicts the Fourth Circuit's holding in *DeLoatche v. Heckler*, in which an ALJ's decision to deny a plaintiff's social security benefits was found to be in error for, among other egregious failings, ignoring the disability determination of the plaintiff's home state. 715 F.2d 148, 150 (4th Cir. 1983). In a footnote, the court stated "the disability determination of a state agency is entitled to consideration." *Id.* at n.1. *DeLoatche* does not require any specific process for considering a prior disability determination, only that such a determination is to be considered. In this case, the ALJ specifically mentioned the VA's decision, including the disability rating given to Plaintiff, and

4

proceeded to discuss the relevant medical evidence underlying that decision. Moreover, the evidence underlying the VA's decision was rightly considered along with the other medical evidence including those records reflecting changes to Plaintiff's condition following the VA's decision. As a result, the court agrees with the Magistrate Judge's determination that the ALJ reasonably considered the VA's disability determination.

After a thorough and careful review of the record, the court finds the Magistrate Judge's Report provides an accurate summary of the facts and correctly states the law in the instant case. Additionally, the court finds that the Magistrate Judge was rational and reasonable in finding that the ALJ's decisions were based on substantial evidence. Accordingly, the court **ACCEPTS** the Magistrate Judge's Report [Dkt. No. 15] and incorporates it herein by reference. For the reasons set out in the Report, the Commissioner's final decision is **AFFIRMED**.

**IT IS SO ORDERED**.

*J. Michelle Childs*

United States District Judge

Greenville, South Carolina
September 4, 2012